IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JAYLEN DALAINO BELL,

        Plaintiff,

v.                                                CIVIL ACTION NO. 2:25-cv-00132

UNITED STATES DEPARTMENT
OF THE TREASURY, et al.,

        Defendants.

**PROPOSED FINDINGS & RECOMMENDATION**

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge by standing order for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 7). On February 28, 2025, Plaintiff Jaylen-Dalaino Bell ("Plaintiff"), proceeding pro se, filed a *Complaint for Declaratory Judgment, Injunctive Relief, and Damages*. (ECF No. 4). Plaintiff also seeks leave to proceed *in forma pauperis*. (ECF No. 1). As such, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that this matter be **DISMISSED**, and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** as moot.

I.

Plaintiff's *Complaint* names a number of municipal, state, and federal government entities, employees, judges, and officials, including the United States Department of the Treasury, and this Court.[1] *Id.* at 1-2. However, Plaintiff's *Complaint* sets forth only six assertions of fact, as follows:

> Plaintiff has suffered unconstitutional imprisonment, judicial bias, denial of due process, malicious prosecution, and financial harm due to the actions of the named Defendants.
>
> Plaintiff was held in jail for over a year without bond and subjected to an unlawful court-ordered mental evaluation despite prior evaluations.
>
> Plaintiff's mother, Real Yarrell, filed a tort claim against Hon. Judge Lora Ann Dyer, which was denied by Hon. Judge Richard Craig Tatterson without proper legal basis.
>
> Plaintiff's fiancee, Angelique Barnett, and mother filed a separate tort case in Kanawha County Circuit Court, but Hon. Judge Stephanie Abraham muted Barnett and continued without Plaintiff's consent while he was unlawfully jailed.

---

[1] Specifically, Plaintiff's *Complaint* names the following Defendants: (1) United States Department of the Treasury; (2) United States Postal Service; (3) U.S. District Court for the Southern District of West Virginia; (4) Hon. Judge Lora Ann Dyer, Circuit Court Judge for the Circuit Courts of Ripley and Jackson County, West Virginia; (5) Hon. Judge Carrie L. Webster, Circuit Court Judge for the Circuit Court of Kanawha County, West Virginia; (6) Hon. Judge Richard Craig Tatterson, Circuit Court Judge for the Circuit Courts of Ripley, Mason, and Jackson County, West Virginia; (7) Hon. Judge Stephanie Abraham, Circuit Court Judge for the Circuit Court of Kanawha County, West Virginia; (8) Magistrate Laura Purlsey, Magistrate of Jackson County, West Virginia; (9) Magistrate Gary Q. Sheff, Magistrate of Kanawha County, West Virginia; (10) Hon. Judge Kaci Moore, Kanawha County Court; (11) Hon. Judge Joe Kuhl, Wood County Court; (12) Brenda K. Marshall, Wood County Court; (13) West Virginia Office of Disciplinary Counsel; (14) David Kyle Moore, Jackson County, West Virginia Prosecutor; (15) David Wayne Hancock Jr., Jackson County, West Virginia Assistant Prosecutor; (16) Prosecutor Chuck Miller; (17) Prosecutor Debra Rusnak; (18) Assistant Prosecutor Monica Schwartz; (19) Assistant Prosecuting Attorney Samuel D. Marsh; (20) Assistant Prosecut[ing] Attorney Jordan Gunnoe; (21) Kanawha County Prosecutor's Office; (22) Parkersburg Police Department; (23) Jackson County Sheriff Department; (24) Officer Jonathan Brian Thompson; (25) Officer Saltsgaver; (26) B.J. Ullom; (27) Sargent DeWees; (28) Saint Albans Police Department Officer D.D. Griffith; (29) Saint Albans Police Department Officer Perry; (30) Saint Albans Police Department Officer Fisher; (31) Unknown Officer of the Saint Albans Police Department; (32) Nitro Police Department; (33) Putnam Police Department; (34) Kanawha County Sheriff Department; and (35) West Virginia State Police. (ECF No. 4 at 1-2). Additionally, Plaintiff's *Complaint* vaguely names "all arresting officers" of the Parkersburg Police Department in Wood County, West Virginia, including "also Task Force, Officer Nangle etc.," along with "all arresting officers on January 3, 2021 etc." from the Jackson County Sheriff Department in Jackson County, West Virginia, as well as "all arresting officers on July 29, 2023 – Saint Albans Police Department [in] Saint Albans, West Virginia." *Id.* at 2.

> The West Virginia Office of Disciplinary Counsel, through Andrea Hinnerman, has failed to respond to complaints and reconsider denials, obstructing justice.
>
> Plaintiff's estate and financial rights have been obstructed by the United States Department of the Treasury and USPS, preventing access to lawful financial resources.

(ECF No. 4 at 2-3 ¶¶ 5-10). Based upon these threadbare factual allegations, Plaintiff alleges four equally threadbare claims for relief. *Id.* at 3 ¶¶ 11-14. First, Plaintiff asserts a claim pursuant to 42 U.S.C. § 1983 for "violation of due process," alleging that "Defendants acted under color of law to deny Plaintiff due process, including prolonged detention without bond and refusal to recognize prior mental evaluations." *Id.* ¶ 11. Second, Plaintiff asserts a claim for "judicial misconduct and abuse of authority," alleging that "the judicial Defendants engaged in biased rulings, failure to provide fair hearings, and obstruction of justice by ignoring legal filings and muting parties." *Id.* ¶ 12. Third, Plaintiff asserts a claim for malicious prosecution, alleging that "[p]rosecutors and law enforcement engaged in wrongful prosecution, excessive force, and denial of medical care, violating Plaintiff's constitutional rights." *Id.* ¶ 13. Fourth and finally, Plaintiff asserts a claim for "RICO violations" pursuant to 18 U.S.C. § 1961 *et seq.*, alleging that "Defendants engaged in a pattern of racketeering activity, including fraud, obstruction, and denial of estate rights, causing financial harm to Plaintiff." *Id.* ¶ 14.

Based upon these claims and allegations, Plaintiff seeks three main forms of relief. *See id.* at 3. First, Plaintiff seeks a declaratory judgment declaring "that Defendants violated Plaintiff's constitutional rights and federal laws." *Id.* Second, Plaintiff seeks an injunction enjoining the Defendants "from further misconduct[.]" *Id.* Third, Plaintiff seeks a monetary damage award "for unlawful imprisonment, financial losses, and emotional distress." *Id.*

Notably, Plaintiff's *Complaint* in this matter is strikingly similar to the *Complaint for Violation of Civil Rights and RICO Violations* Plaintiff filed in this Court on the same date in the matter styled *Bell v. Webster*, 2:25-cv-00134, at ECF No. 3 (S.D. W. Va. Nov. 28, 2025). United States Magistrate Judge Omar J. Aboulhosn entered an *Order* in that case on March 3, 2025, ordering the Plaintiff to file an amended complaint in light of the clear failure in the pleading to allege facts which set forth a cognizable claim for relief. *See id,* at ECF No. 6. Other than the addition of numerous named Defendants in the instant matter, the difference between the allegations in the two actions is not significantly appreciable.

## II.

Where, as here, a pro-se plaintiff seeks to proceed *in forma pauperis*, this Court has an independent statutory duty under 28 U.S.C. § 1915(e)(2) to "screen" the initial filings, assess the merits of each pleading, and exclude a suit if it lacks an "arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); 28 U.S.C. §§ 1915(e). The Court *must* dismiss a pleading filed *in forma pauperis* if at any time it determines that "the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).

When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662,

4

679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (quotations omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Because such deference is given to *pro se* complaints, the Court should grant leave to amend where a *pro se* complaint can be remedied by an amendment, to allow the development of a potentially-meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151-53 (4th Cir. 1978) (explaining that a district court should allow *pro se* plaintiffs a reasonable opportunity to develop pleadings.); *Coleman v. Peyton*, 370 F.2d 603, 604 (4th Cir. 1965) (stating that a *pro se* plaintiff should be given an opportunity to particularize potentially viable claims). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal,* 556

U.S. 662, 685 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or "conjure up questions never squarely presented" to the court. *Randolph v. Baltimore City Atates Atty.*, 14-3176, 2014 WL 5293708, at *1 (D. Md. Oct. 14, 2014), *aff'd sub nom. Randolph v. New Tech*, 588 Fed. App'x 219 (4th Cir. 2014) (citations omitted)). Thus, the Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

## III.

Plaintiff's *Complaint* is facially deficient, as it fails to set forth any facts supporting a cognizable claim for relief. The United States Supreme Court explained that, while the liberal pleading standard "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Pursuant to this standard, the Supreme Court expressly stated that a pleading is insufficient if it offers mere "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.*

Here, Plaintiff's *Complaint* offers *precisely* the kind of vague, "the defendant-unlawfully-harmed-me accusations" rejected by the Supreme Court in *Iqbal.* With respect

to his § 1983 claim, for instance, Plaintiff alleges that the Defendants—a collection of more than thirty-five individuals and entities "acted under color of law to deny Plaintiff due process, including prolonged detention without bond and refusal to recognize prior mental evaluations." (ECF No. 4 ¶ 11). There is simply no way to discern from the sparse factual allegations in the *Complaint* what acts or omissions each named Defendant engaged in that gave rise to Plaintiff's claim, the manner in which such acts or omissions occurred, or the basis for Plaintiff's conclusory assertion that these acts or omissions gave rise to a cause of action. It is not inherently unlawful for a defendant to be detained without bond; without factual allegations setting forth the circumstances pursuant to which the detention violated Plaintiff's due-process rights, therefore, the *Complaint* fails to raise a non-speculative right to relief.

Similarly, Plaintiff's claim for "judicial misconduct and abuse of authority," alleges that "the judicial Defendants engaged in biased rulings, failure to provide fair hearings, and obstruction of justice by ignoring legal filings and muting parties." *Id.* ¶ 12. These conclusory allegations set forth mere labels and conclusions—without any specifics to illustrate what acts or omissions by any of the named Defendants constituted such misconduct. Plaintiff's malicious-prosecution claim likewise offers nothing more than labels and conclusions, asserting that "[p]rosecutors and law enforcement engaged in wrongful prosecution, excessive force, and denial of medical care, violating Plaintiff's constitutional rights." *Id.* ¶ 13. Without more, it is entirely unclear which of the named Defendants engaged in such conduct; equally unclear is what specific acts or omissions gave rise to malicious prosecution. Finally, as to Plaintiff's RICO claim, Plaintiff alleges that "Defendants engaged in a pattern of racketeering activity, including fraud, obstruction, and denial of estate rights, causing financial harm to Plaintiff." *Id.* ¶ 14. Once

7

again, Plaintiff's *Complaint* fails to allege sufficient facts to ascertain what conduct, by what actors, gave rise to Plaintiff's claim—or the basis for Plaintiff's claim of financial harm. In fact, the majority of the named Defendants are not even mentioned *at all* in the body of the *Complaint*. This is fundamentally inadequate to state a claim for relief.

Moreover, Plaintiff's claim for monetary relief against those individuals he identifies in the *Complaint* as the "judicial defendants" is barred, because—to the extent any of the judicial defendants are specifically mentioned in the *Complaint*—such defendants are immune from actions for monetary damages arising from their judicial acts. *See Pritchard v. Crouser*, 332 S.E.2d 611, 614 (W. Va. 1985) ("When acting in his [or her] judicial capacity a judge is immune from civil liability for any and all official acts."); *Roush v. Hey*, 475 S.E.2d 299, at Syl. Pt. 4 (W. Va. 1996) (lawsuits stemming from judicial acts are barred by absolute judicial immunity, unless "those acts fall clearly outside the judge's subject matter jurisdiction"). Nothing in Plaintiff's *Complaint* or the other materials he filed with this Court in the instant civil action provide a factual basis for finding that an exception to this immunity applies.

The Fourth Circuit has stated a general preference for permitting a pro-se party one opportunity to amend his or her complaint; nonetheless, the Fourth Circuit expressly stated that this Court may deny leave to amend when "the amendment would be futile," such that "it is clearly insufficient or frivolous on its face" or "if the claim it presents would not survive a motion to dismiss." *Equal Rights Ctr. v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4thCir. 2019). The undersigned **FINDS** that amendment would be futile under the circumstances, because the *Complaint* is clearly insufficient on its face, and—for the reasons set forth *supra*—would not survive a motion to dismiss. Further, in light of

Plaintiff's strikingly-similar civil action pending before this Court in *Bell v. Webster*, 2:25-cv-00134, at ECF No. 3 (S.D. W. Va. Nov. 28, 2025)—in which Plaintiff has been granted an opportunity to amend—the undersigned **FINDS** that Plaintiff would not be unduly prejudiced by dismissal for failure to state a claim in this civil action.

### IV.

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that that this civil action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **DENIED** as moot.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.  Copies of any objections shall be provided to the opposing party or, if it is represented by counsel, to its counsel, and to Judge Goodwin.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.  28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy to counsel of record.

ENTERED: March 6, 2025

Dwane L. Tinsley
United States Magistrate Judge